IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:14-MJ-1076-RJ

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)     O R D E R<br>REGINA LEE ESHLEMAN, )<br>)<br>Defendant. ) | |

This matter is before the court on the motion of Defendant Regina Lee Eshlemen ("Defendant") to suppress evidence following a traffic stop aboard Marine Corps Air Station Cherry Point. [DE-7]. The court held a hearing on the motion at which Cherry Point Police Officer Victor Lee Moore, testified; Defendant did not provide any testimony at the hearing. Thereafter, the court invited the parties to submit post-hearing briefs which the parties have done, and the matter is now ripe for ruling.

The focus of Defendant's argument is her contention that the U-turn she performed aboard base was not illegal and therefore fails to constitute reasonable suspicion warranting the subsequent traffic stop. The undisputed testimony of Officer Moore, however, which this court finds to be admissible and credible, makes clear that prior to the execution of Defendant's U-turn (1) Officer Moore observed and recorded Defendant by radar to be driving in excess of the posted speed limit and (2) Officer Moore began to follow Defendant in his patrol car for the purpose of performing a traffic stop because Defendant was speeding. Therefore, disregarding the significance of Defendant's U-turn, Defendant's speeding violation demonstrates sufficient reasonable suspicion to support the traffic stop. *See United States v. Digiovanni*, 650 F.3d 498, 506 (4th Cir. 2011) ("As a general matter, the decision to stop an automobile is reasonable where

the police have probable cause to believe that a traffic violation has occurred") (citing *Wren v. United States*, 517 U.S. 806, 810 (1996)). The government has set forth reasons in support of the traffic stop in its post-hearing briefing which this court adopts, finding those reasons to be corroborated by the admissible and credible testimony and supported by the law. *See United States v. Jenkins*, 986 F.2d 76 (4th Cir. 1993).

Accordingly, Defendant's motion to suppress is denied and this case shall be set for arraignment at the court' next term of court.

So ordered, the 7th day of November 2014.

Robert B. Jones, Jr.
United States Magistrate Judge